UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REDBRICK VENTURES LTD. and<br>PRIMESHIPPING INTERNATIONAL<br><br>Plaintiffs,<br><br>vs.<br><br>CAC MARITIME LTD. and<br>STIEGLER SHIPPING COMPANY INC.<br><br>Defendants | §§§§§§§§§§§§<br><br>Case No. 2:21-cv-249<br><br>IN ADMIRALTY |

## VERIFIED COMPLAINT

Plaintiffs, REDBRICK VENTURES LTD. (hereinafter "Redbrick") and PRIMESHIPPING INTERNATIONAL (hereinafter "Primeshipping") (collectively referred to as "Plaintiffs"), by and through undersigned counsel, and hereby files this Verified Complaint against Defendants CAC MARITIME LTD. (hereinafter "CAC") and STIEGLER SHIPPING COMPANY INC. (hereinafter "Stiegler") (collectively referred to as "Defendant") and alleges as follows:

### I.   JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendants is located in the Western District of Pennsylvania.

1

## II. THE PARTIES

3. At all times material hereto, Plaintiff, Redbrick, was and still is a foreign company organized under the laws of the British Virgin Islands.

4. At all times material hereto, Plaintiff, Primeshipping, was and still is a foreign company organized under the laws of the British Virgin Islands.

5. Upon information and belief, at all times material hereto, Defendant CAC, was and still is a foreign company organized under the laws of Panama.

6. Upon information and belief, at all times material hereto, Defendant Stiegler, was and is a foreign company organized under the laws of Alabama.

## III. THE FACTS

7. At all times material hereto, Redbrick was the owner of the M/V OCEAN FORCE (hereinafter the "Vessel").

8. On or about December 13, 2020, Plaintiff entered into a charter party agreement wherein Plaintiff agreed to charter the Vessel to CAC. *A copy of the fixture recap and charter party is attached hereto as Exhibit 1.*

9. This time charter party agreement is a maritime contract.

10. Pursuant to the terms and conditions of the charter party, Defendant was under an obligation to pay for the use and hire of the vessel at a rate of USD 6,100 per day from the time and date of her delivery until the time and date of her redelivery. *See Exhibit 1.*

11. On or about December 13, 2020 the Vessel was delivered to CAC.

12. The Vessel currently remains on time charter to CAC and is currently in Wilmington, Delaware.

13. On orders of CAC, the Vessel was loaded with cargo bound for Haiti, however, for reasons unknown the cargo was not discharged on the Vessels arrival in Haiti as expected and instead the Vessel returned to Wilmington, Delaware.

14. Plaintiff's incurred estimated costs to sail to Haiti of approximately USD 121,000 and stevedoring costs of approximately USD 70,000 in Haiti.

15. The failure by Defendant to discharge this cargo in Haiti, is a breach of the charter party agreement and is expected to subject Plaintiffs to significant liability as a matter of contract under the bills of lading issued for the cargo.

16. In addition, Plaintiffs are also owed USD 176,290 for outstanding hire which remains due and owing for hire through February 26, 2021. *A copy of the most recent statement of account for outstanding hire which remains due and owing is attached hereto as Exhibit 2.*

17. It is expected that the Vessel will remain on hire with CAC after February 26, 2021 and lead to a further hire invoice of USD 91,500.

18. Defendant Stiegler, on behalf of CAC, has been the entity making payments for hire from their PNC Bank account since the Vessel was delivered. All payments made related to this charter party were remitted by Defendant Stiegler on behalf of Defendant CAC.

19. Despite numerous requests for payment of the costs incurred to sail to Haiti and the outstanding hire payments due, Defendant has refused, neglected, and/or otherwise failed to submit payment which remains due and owing totaling USD 458,790 in violation of the time charter.

20. Defendants have failed, neglected, and/or otherwise refused to submit payment for the outstanding hire and damages incurred to date under the charter party agreement.

## IV.   APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

21.   Plaintiffs restate and re-allege paragraphs 1 – 20 in the above foregoing Verified Complaint.

22.   Plaintiff's claim against Defendants for unpaid hire and additional chartering expenses is a maritime claim. This is an ancillary proceeding to secure jurisdiction and security over Defendants.

23.   Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

24.   Plaintiff expects to recover the following amounts in arbitration from Defendant:

| | | |
|---|---|---|
| A. | Unpaid Hire and Damages: | $458,790 |
| | Estimated Interest for Principal Claim:<br>*2 years at 5.0 %, compounded quarterly* | $47,937.18 |
| C. | Estimated Arbitration Cost[1]: | $50,000 |
| D. | Estimated English Solicitor and Counsel Fees: | $100,000 |
| | TOTAL: | $655,727.18 |

25.   Plaintiff's total claim for unpaid hire and damages plus applicable interest, costs, and fees in the aggregate estimated to be no less than $ 655,727.18.

26.   Defendants are not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of David McQuiston attached hereto as Exhibit 3.*

---

[1] The estimates are based on the anticipated costs and fees for this straightforward matter for this indisputable debt. Plaintiff reserves the right to seek additional security if necessary pursuant to, *inter alia*, Supplemental Rule B and Rule E.

4

27. Notwithstanding, the Defendants do have within the District tangible or intangible personal property which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment. Defendants have assets in the form of property in a bank account maintained at PNC Bank Corp. *A copy of a SWIFT message containing Defendants bank account information is attached hereto as Exhibit 4.*

28. PNC Bank Corp. is a corporation found within the District with an address at the Tower at PNC Plaza, 300 Fifth Avenue, Pittsburgh, PA 15222 and subject to service of process as a garnishee in this matter.[2]

29. Prior payments by CAC to Plaintiffs have been remitted by Stiegler from its PNC Bank Corp. U.S. Dollar account located within this District. *Id.*

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendants cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendant have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule

---

[2] Due to the recent stay-at-home order, this branch location may be temporarily closed, operating with limited hours, or may limit the public access. Accordingly, service of process on garnishee may be attempted at any PNC Bank branch that is open and will accept service of process.

B for Certain Admiralty and Maritime Claims;

    C.    That if Defendants fail to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of $655,727.18 and the proceeds of the assets attached be applied in satisfaction thereof;

    D.    That the Court grant Plaintiffs such other and further relief as it deems just, equitable and proper.

Dated: Pittsburgh, PA
       February 22, 2021

                      THOMSON, RHODES & COWIE, P.C.

                      By:    /s/ David M. McQuiston, Esq.
                              David M. McQuiston
                              Two Chatham Center, 10th Floor
                              Pittsburgh, PA 15219-3499
                              (412) 316-8661
                              (412) 232-3498
                              dmcquiston@trc-law.com

                              *Attorneys for Plaintiff Redbrick Ventures ltd. and Primeshipping International*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REDBRICK VENTURES LTD. and<br>PRIMESHIPPING INTERNATIONAL<br><br>Plaintiffs.<br>vs.<br><br>CAC MARITIME LTD. and<br>STIEGLER SHIPPING COMPANY INC.<br><br><br>Defendants | § § § § § § § § § § § § | Case No.<br><br>**IN ADMIRALTY** |

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Olena Bogdan, declare under the penalty of perjury:

4. I am a representative of PRIMESHIPPING INTERNATIONAL and authorized to act on the company's behalf.

5. I have read the foregoing Verified Complaint and know the contents thereof; and

6. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through agents, underwriters, and attorneys.

I declare under penalty of perjury that the foregoing are true and correct.

Date: February 19, 2021

Olena Bogdan
Authorized Representative of Plaintiff
PRIMESHIPPING INTERNATIONAL

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REDBRICK VENTURES LTD. and §<br>PRIMESHIPPING INTERNATIONAL §<br>§<br>Plaintiffs, §<br>vs. §<br>§<br>CAC MARITIME LTD. and §<br>STIEGLER SHIPPING COMPANY INC. §<br>§<br>§<br>Defendants § | Case No.<br><br>**IN ADMIRALTY** |

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Igor Urbansky, declare under the penalty of perjury:

1.  I am a representative of REDBRICK VENTURES LTD. and authorized to act on the company's behalf.

2.  I have read the foregoing Verified Complaint and know the contents thereof; and

3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through agents, underwriters, and attorneys.

I declare under penalty of perjury that the foregoing are true and correct.

Date: February 19, 2021

Igor Urbansky
Authorized Representative of Plaintiff
REDBRICK VENTURES LTD.