UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REDBRICK VENTURES LTD. and<br>PRIMESHIPPING INTERNATIONAL<br><br>Plaintiffs,<br>vs.<br><br>CAC MARITIME LTD. and<br>STIEGLER SHIPPING COMPANY INC.<br><br>Defendants | § § § § § § § § § § § § | Case No. 2:21-cv-249-WSS<br><br>**IN ADMIRALTY** |

## MOTION FOR AN ORDER DIRECTING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

COMES NOW, Plaintiffs, REDBRICK VENTURES LTD. and PRIMESHIPPING INTERNATIONAL (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, and respectfully requests this Honorable Court to issue an Order authorizing issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rules"), and respectfully pleads as follows:

### FACTUAL BACKGROUND

Plaintiff filed a Verified Complaint pursuant to 28 U.S.C. 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule B of the Admiralty Rules setting forth Plaintiff's claim for damages in the amount of no less than **USD 655,727.18**, inclusive of interest, costs and attorney fees. *See* DE 1. The allegations of Plaintiff's Verified Complaint state a *prima facie* admiralty claim under general maritime law, meet the conditions of Rule B, and are incorporated herein by reference. *Id*. Specifically, Plaintiff seeks to attach in the hands of third party garnishees the debts,

1

credits, and effects of the Defendants for their breach of maritime contracts for failure to pay hire and additional costs related to the M/V OCEAN FORCE. *Id.*

## POINTS AND AUTHORITIES

### I. HISTORIC PURPOSE OF MARITIME ATTACHMENT

"Rule B is designed to secure the appearance of the defendant and, through the attachment of defendant's assets, secure satisfaction of any judgment entered, up to the value of the assets." *MSC Mediterranean Shipping Co. v. Koninklijke Boskalis Westminster NV (In re Compania Naviera Joanna SA)*, 569 F.3d 189, 194 (4th Cir. 2009) (citing *Swift & Co. Packers v. Compania Colombiana del Caribe, S.A.*, 339 U.S. 684, 693 (1950)). "Under Rule B . . . plaintiff may attach a defendant's property if four conditions are met: (1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment" *Vitol, S.A. v. Capri Marine, Ltd.*, 2011 U.S. Dist. LEXIS 132206, *5 (D. Md. 2011) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (abrogated on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)); *see also* Fed. R. Civ. P. Supp. R. B.; *see also Wind Shipping Co. S.A. v. Novel Commodities S.A.,* 2013 U.S. Dist. LEXIS 100392, *2-3 (M.D. Pa. July 18, 2013) ("Maritime attachment is available when the plaintiff has an *in personam* admiralty or maritime claim against a defendant. Rule B allows the plaintiff to assert personal jurisdiction over a defendant who cannot be found through attachment of her property, or garnishment of a debt owed to her.")(citing 2 Admiralty & Maritime Law §21-2, Maritime Garnishment and Attachment: Rule B and State Attachment Remedies (October 2012)).

Maritime attachment is a well-established remedy and Courts have universally recognized that the Rule B attachment remedy is necessary in the maritime world in order to bring maritime debtors to justice under circumstances where they would otherwise be able to avoid the judicial process altogether due to the transitory nature of their assets and their presence in jurisdiction where recovery is not only inconvenient, but impossible. *See e.g. STX PanOcean (UK) Co. Ltd v. Glory Wealth Shipping Pte. Ltd.,* 560 F.3d 127, 130 (2d. Cir. 2006) (citing *Aqua Stoli*). In reviewing the history of maritime attachment, District Judge Kaplan of the Southern District of New York held:

> Maritime attachment is a centuries-old remedy that antedates both the congressional grant of admiralty jurisdiction to the federal district courts and the promulgation of the first U.S. Supreme Court Admiralty Rules in 1844. Admiralty Rule B, which codifies the law, is simply an extension of this ancient practice. The device exists for the benefit of merchants engaged in the far flung maritime trade, who face special risks in seeking legal redress against perpetrators of maritime injury who are likely to be peripatetic. ***Without it, defendants, their ships, and their funds easily could evade the enforcement of substantive rights of admiralty law***.

*Yayasan Sabah Dua Shipping SDN BHB v. Scandinavian Liquid Carriers, Ltd.*, 335 F. Supp. 2d 441, 444 (S.D.N.Y. 2004) (Kaplan, J.). (internal citations omitted) (emphasis added); *see also Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 569 F. Supp. 1459, 1462 (S.D. Tex. 1983)) ("Because the perpetrators of maritime injury are likely to be peripatetic . . . jurisdiction by attachment of property should be accorded special deference in the admiralty context" and accordingly, "maritime actors must reasonably expect to be sued where their property may be found.") (quoting *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne*, 605 F.2d 648 (2d Cir. 1979)).

II. **ALL ELEMENTS OF RULE B HAVE BEEN MET**

    1. <u>**Plaintiff has Plead a Valid Prima Facie Admiralty Claim**</u>

In the instant matter, Plaintiff submits that the requirements of Admiralty Rule B have been met, and respectfully asks the Court for an Order issuing a writ of maritime attachment for Defendants' property presently located within this judicial district, the tangible and intangible property including bank accounts located at PNC Bank Corp. within this District. As set forth in Plaintiff's Verified Complaint, Plaintiff has a *prima facie* admiralty claim against the Defendants as Plaintiff's claim is for the breach of certain maritime contracts. *See DE 1*

2. **Defendants Cannot Be Found in the District**

Regarding the second element, Defendants cannot be found within the Western District of Pennsylvania for the purposes of Rule B. In support of its Verified Complaint, Plaintiff has filed the Affidavit of Attorney David McQuiston (*See* Compl. Ex. 3), averring that the Defendants cannot be found within the district pursuant to Rule B and the efforts undertaken to find and serve Defendant. While the Admiralty Rules do not define found within the district, ""courts considering the issue have determined that a defendant is found within the district only when (1) it is subject to *in personam* jurisdiction and (2) it can be found for service of process within the district." *W. of England Ship Owners Mut. Ins. Ass'n (Luxembourg) v. McAllister Bros.,* 829 F.Supp. 122, 123 (E.D.Pa. 1993)(citing 7A Moore's Federal Practice B.06, p. B251); *See also Seawind Compania S.A. v. Cresent Line, Inc.,* 320 F.2d. 580, 582 (2d. Cir. 1963).

Specifically, Defendants are neither subject to the personal jurisdiction of this Court, nor can they be found for service of process within this District. Plaintiffs are informed and believe: that Defendants cannot be found within the Western District of Pennsylvania; that to Plaintiff's knowledge, none of the officers of Defendants are now within the Western District of Pennsylvania; that Defendants do not maintain offices or telephone listings in the Western District of Pennsylvania; that Defendants are not incorporated or registered to do business in the

4

Western District of Pennsylvania; and, that Defendants do not have registered agents for the receipt of service of process in the State of Pennsylvania. *See* Compl., Ex. 3, McQuiston Affidavit.

**3.    Defendants' Property Can Be Found in the District and Subject to Attachment**

As set forth in the Verified Complaint, Plaintiff is informed and believes that Defendants have within the District bank accounts where property belonging to the Defendants is expected to be maintained in the hands of garnishee, PNC Bank Corp. *See* DE 1, Exhibit 4. Defendants' Bank Account(s) is Subject to Rule B Attachment. There is no question that federal admiralty law regards a defendant's bank account as property subject to maritime attachment under Rule B. *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276, 2002 A.M.C. 2705 (2d Cir. 2002), *overruled on other grounds by Shipping Corp. of India*, 585 F.3d 58 (2d Cir. 2009) (citing *Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 46 (2d Cir. 1996). Plaintiff has submitted for the Court's consideration a proposed ex parte Order Authorizing Issuance of Process of Maritime Attachment and Garnishment (Exhibit 1 hereto) and a Proposed Writ of Maritime Attachment (Exhibit 2 hereto).

**4.    There is no Bar to the Rule B Attachment**

Finally, there is no statutory or maritime bar to the attachment application.

**CONCLUSION**

**WHEREFORE**, as all of the elements of Supplemental Rule B have been met, Plaintiffs, respectfully requests that this Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing any and all garnishees to garnish any tangible or intangible personal property in their possession, custody or control belonging to the

Defendants located in the Western District of Pennsylvania, and to grant Plaintiffs such other and further relief as may be just, equitable and proper.

Dated: Pittsburgh, PA
February 23, 2021

          THOMSON, RHODES & COWIE, P.C.

      By:    /s/ David M. McQuiston, Esq.
              David M. McQuiston
              Two Chatham Center, 10th Floor
              Pittsburgh, PA 15219-3499
              (412) 316-8661
              (412) 232-3498
              dmcquiston@trc-law.com

              *Attorneys for Plaintiff Redbrick Ventures ltd.*
              *and Primeshipping International*